UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS TILLMAN,

    Plaintiff,                          Case No. 1:13-cv-297

v                                          HON. JANET T. NEFF

ERICA HUSS, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

Plaintiff initiated this prisoner civil rights action on March 20, 2013, alleging numerous claims against numerous individuals, including unknown Defendants #1-9. On August 19, 2013, this Court dismissed many of the claims in Plaintiff's complaint, and, in pertinent part, directed Plaintiff to submit copies of his complaint for service upon the remaining Defendants. On November 7, 2013, Defendants Novak, Goodstrey, Rutgers, Martin, Teft, Wohlfert (f/n/a Corbit), Jameson, Kemp, Delano, Payne, and Gleason filed a "Motion for Summary Judgment Based Solely on a Failure to Exhaust Administrative Remedies" (Dkt 32). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that Defendants' motion be granted in part and denied in part (Dkt 64). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 65). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration

1

of those portions of the Report and Recommendation to which objections have been made. For the following reasons, the Court denies the objections and issues this Opinion and Order.

After reviewing the evidence submitted by the parties, the Magistrate Judge determined that "with one exception, Plaintiff's remaining claims must be dismissed for failure to properly exhaust administrative remedies" (R&R, Dkt 64 at 11). The Magistrate Judge also recommends, sua sponte, that Plaintiff's claims against Defendants Unknown Party #1, Unknown Party #2, and Unknown Party #3 be dismissed without prejudice for Plaintiff's failure to timely effect service (*id.* at 22). Plaintiff objects to both recommendations.

**1.**   *Dismissal of Unexhausted Claims*

Plaintiff concedes that many of the grievances discussed in Defendants' motion and the Magistrate Judge's Report and Recommendation are not at issue (Objs., Dkt 65 at 1-2, 4, 7).[1] According to Plaintiff, the Magistrate Judge erred in analyzing six grievances that Plaintiff argues operate to exhaust his allegations in this case (*id.* at 2-10). The Court, however, agrees with the Magistrate Judge's analysis of these six grievances.

**Grievance ICF-12-11-3682-07d.**   The Magistrate Judge determined that ICF 12-11-3682-07d cannot serve to exhaust any of Plaintiff's claims because it was properly rejected as duplicative of ICF-12-10-362517f (R&R, Dkt 64 at 16). Plaintiff's argument reiterates the arguments he made in response to Defendant's motion and does not address the Magistrate Judge's reasoning. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the

---

[1]Specifically, Plaintiff identifies the following grievances as ones that are not at issue: ICF-13-03-0469-22a, ICF-13-02-0389-12b4, ICF-13-02-0395-27z, ICF-11-12-2455-17i, ICF-12-04-0652-12f3, ICF-12-03-0406-17i, ICF-12-03-0487-15b, ICF-12-07-1228-27z, ICF-11-12-2397-12b4, and ICF-12-06-1032-17b.

portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). Indeed, Plaintiff seems to overlook that the Magistrate Judge found that the claims asserted in ICF-12-10-3625-17f against Defendant Rutgers were "properly exhausted and must go forward" (R&R Dkt 64 at 16). In short, this objection is properly denied.

**Grievance ICF-12-01-144-17b.** The Magistrate Judge determined that ICF-12-01-144-17b concerns events that occurred before the events giving rise to the present action and therefore cannot serve to exhaust any of Plaintiff's remaining claims (R&R, Dkt 64 at 16-17). Plaintiff contends that the Magistrate Judge's determination is "not true" because Plaintiff's claims "originated" from the events described in the grievances, although Plaintiff concedes that "these events occurred before February 2, 2012 and October 26, 2012" (Objs., Dkt 65 at 3-4). On its face, Plaintiff's argument is simply without merit and does not demonstrate any factual or legal error by the Magistrate Judge. This objection is therefore also denied.

**Grievance ICF-12-05-0777-19z.** The Magistrate Judge determined that ICF-12-05-0777-19z fails to exhaust Plaintiff's claims because (1) the grievance is not asserted against any specific individual, (2) Plaintiff's complaint contains no allegations consistent with the facts alleged in this grievance, and (3) Plaintiff did not properly pursue the grievance through all three steps of the grievance process (R&R, Dkt 64 at 17).

In his objections, Plaintiff claims that (1) he identified the law librarian by name at Step III, (2) his complaint "does contain allegations consistent with the facts alleged in this grievance," and (3) "he has exhausted his grievance remedies through all three steps" (Objs., Dkt 65 at 4-5). In support of his exhaustion argument, in particular, Plaintiff references the grievance papers he attached to his response to Defendants' motion; however, these grievance papers indicate, consistent

with Defendants' assertions and the Magistrate Judge's findings, that on September 18, 2012, the Grievance Section returned Plaintiff's Step III appeal to him based on various deficiencies (Ex. E to Pl.'s Resp., Dkt 48-1 at 34). Further, Plaintiff concedes that he did not comply with the Grievance Section's request to correct the deficiencies, "as this was an informal request" (Objs., Dkt 65 at 6). Plaintiff's argument, again, simply lacks merit and does not demonstrate any factual or legal error by the Magistrate Judge. This objection is therefore also denied.

**Grievance ICF-12-07-1141-28e.** The Magistrate Judge determined that ICF-12-07-1141-28e cannot serve to exhaust any of Plaintiff's claims because his Step II grievance was denied as untimely and the determination, supported by the record, was upheld at Step III (R&R, Dkt 64 at 19). Plaintiff argues that the Magistrate Judge's determination is "clearly erroneous" because he "clearly disputed these claims" and "presented evidence of material facts" (Objs., Dkt 65 at 6). In support of his exhaustion argument, Plaintiff references the grievance papers he attached to his response to Defendants' motion; however, these grievance papers again confirm Defendants' assertions and the Magistrate Judge's findings (Ex. F to Pl.'s Resp., Dkt 48-1 at 42). Plaintiff's argument does not demonstrate any factual or legal error by the Magistrate Judge. This objection is denied.

**Grievance ICF-12-07-1115-28e.** The Magistrate Judge determined that ICF-12-07-1115-28e was rejected as untimely and therefore cannot serve to exhaust any of Plaintiff's claims (R&R, Dkt 64 at 20). Plaintiff asserts that the grievance assigned ICF-12-07-1115-28e was the second grievance he filed concerning a February 10, 2012 incident because he "never received a response" to his first grievance filed on February 16, 2012 (Objs., Dkt 65 at 8). Plaintiff represents that he "refiled his excessive force grievance on 6-29-12, alleging the incident date as February 10, 2012," and that

circumstances beyond his control prevented him from filing the June 29, 2012 grievance any earlier (*id.* at 8-9).

Plaintiff's argument lacks merit. Plaintiff attached to his June 29, 2012 grievance a copy of his February 16, 2012 document, a document that does not contain a grievance number (*see* Ex. G to Defs.' Mot., Dkt 34-1 at 9). Plaintiff's decision to "re-file" at the end of June 2012 rather than follow through on his February 16, 2012 submission was contrary to Department policy, which instructs that "[a] grievant may file a Step II grievance ... if s/he did not receive a timely response" and that the grievant must send the completed Step II grievance form "within ten business days after the date the response was due" (Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ BB). In short, ICF-12-07-1115-28e was properly denied as untimely, and the Magistrate Judge correctly concluded that ICF-12-07-1115-28e cannot exhaust Plaintiff's claims. This objection is therefore denied.

**Grievance ICF-12-03-0470-07f.** The Magistrate Judge determined that ICF-12-03-0470-07f, in which Plaintiff asserted that Defendant Rutgers improperly disposed of his personal property, cannot serve to exhaust any of Plaintiff's claims because "Plaintiff makes no allegations in his complaint that Defendant Rutgers was responsible for such" (R&R, Dkt 64 at 21). In his objection, Plaintiff references paragraphs 29 and 30 of his complaint, but neither of these paragraphs assigns Defendants Rutgers responsibility for the disposal of Plaintiff's personal property (Objs., Dt 65 at 10; Compl., Dkt 1 at 8-9). Plaintiff's argument does not demonstrate any factual or legal error by the Magistrate Judge. This objection is therefore denied.

In sum, while Plaintiff disagrees with the Magistrate Judge's exhaustion analysis, his objections fail to demonstrate that a disposition different from the Magistrate Judge's recommendation is warranted.

**2.**     *Dismissal of Unknown Parties*

Plaintiff also objects to the Magistrate Judge's recommendation that, considering Plaintiff's lack of diligence, Defendants Unknown Party #1, Unknown Party #2, and Unknown Party #3 should be dismissed without prejudice for failure to timely effect service.  The Magistrate Judge indicated that the Report and Recommendation served as notice to Plaintiff of the impending dismissal (R&R, Dkt 64 at 22).  *See* FED. R. CIV. P. 4(m) (instructing that if a defendant is not served within 120 days after the complaint is filed, the court—on motion "or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"); *Reynosa v. Schultz*, 282 F. App'x 386, 391-93 (6th Cir. 2008) (holding that the district court abused its discretion by not giving proper notice to the prisoner before dismissing his claims).

In his objections, Plaintiff makes two arguments against dismissal of Defendants Unknown Party #1, Unknown Party #2, and Unknown Party #3.  First, Plaintiff contends that this Court "never ordered service on Defendants unknown #1-3" (Objs., Dkt 65 at 11).  Second, Plaintiff asserts that he "did attempt to identify unknown Defendants #1-3" in his First Request for Production of Documents;" however, Defendants denied his requests, and the Magistrate Judge declined to compel discovery (*id.* at 11-12).

Plaintiff's first argument lacks merit inasmuch as this Court, on August 19, 2013, expressly directed Plaintiff to "request that the prison make eleven (11) copies of the complaint and exhibits for service upon the remaining Defendants" and expressly warned Plaintiff that "failure to submit the requested copies within the time provided by the Court or an affidavit explaining why Plaintiff

6

is unable to provide the requested copies may result in the dismissal of his action without prejudice by the Court" (Dkt 15).

Plaintiff's second argument is similarly unavailing. Plaintiff described Unknown Defendant #1 in his March 20, 2013 Complaint only as "Unknown Shift Commanders from (2/8/12 until 2/10/12)" and described Unknown Defendants #2 and #3 only as "Unknown ERT" (Dkt 1-1 at 2-3). After this Court issued its August 19, 2013 Order dismissing some claims and ordering service on others, the record indicates no action by Plaintiff to identify the Defendants until December 10, 2013, when Plaintiff made eighteen requests for production of documents, including requests for "[a]ll documents that evidence, mention, construe, or refer to the names of all staff assigned to work unit #1 from February 8, 2012 thru February 10, 2012, including but not limited to: sgt's, shift commanders, all correctional officers, medical and mental health staff, etc." and "[a]ll documents that evidence, mention, or refer to the staff at Duane Waters Hospital that had contact with the plaintiff by observation, evaluations, and treatments, including but not limited to their names and occupational work titles" (Pl.'s First Request for Prod. of Docs. ¶¶ 10, 12, Dkt 52-2 at 8-9). Defendants corresponded with Plaintiff on January 9, 2014, indicating that Plaintiff's requests were outside the scope of the Court's Case Management Order (CMO), which limited discovery to the exhaustion issue raised in Defendants' summary judgment motion (Ex. B to Defs.' Resp., Dkt 52-3; CMO, Dkt 36). Plaintiff filed a motion to compel discovery, but the Magistrate Judge agreed with Defendants, denying Plaintiff's motion on May 15, 2014 and issuing this Report and Recommendation on Defendants' pending summary judgment motion on June 17, 2014 (Order, Dkt 63). Plaintiff did not appeal from the Magistrate Judge's Order.

The determination of good cause under Rule 4(m) is a discretionary determination entrusted to the district court, *Abel v. Harp*, 122 F. App'x 248, 251 (6th Cir. 2005), and the Court determines that Plaintiff's reliance on his unsuccessful request for production of documents does not establish "good cause" to justify the failure of timely service. Plaintiff references no other efforts he has made to identify the unknown Defendants and pursue his claims against them. Moreover, Plaintiff does not request additional time to identify and serve Defendants Unknown Party #1, Unknown Party #2 and Unknown Party #3, and the Court declines to extend the time, given the current posture of this case. Therefore, the Court will dismiss Defendants Unknown Party #1, Unknown Party #2, and Unknown Party #3 without prejudice for lack of service.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 65) are DENIED, and the Report and Recommendation (Dkt 64) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 32) is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's remaining claims against Defendants Novak, Goodstrey, Martin, Teft, Wohlfert (f/k/a Corbit), Jameson, Kemp, Delano, Payne, and Gleason are DISMISSED for failure to exhaust administrative remedies; Plaintiff's claims against Defendant Rutgers are DISMISSED for failure to exhaust administrative remedies except as to the allegations advanced in Grievance ICF-12-10-3625-17f; and Plaintiff's claims against Defendants Unknown Party #1, Unknown Party #2, and Unknown Party #3 are DISMISSED WITHOUT PREJUDICE for failure to timely effect service.

Dated: September  24 , 2014                  /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge