UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS TILLMAN #324495,

       Plaintiff,                              Hon. Janet T. Neff

v.                                              Case No. 1:13 CV 297

JOSEPH NOVAK, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Defendant's Motion for Summary Judgment, (dkt. #86), and Plaintiff's Motion for Rule 56(f) Continuance, (dkt. #99). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendant's motion be **granted**, and this matter **terminated**.

## BACKGROUND

       Plaintiff initiated this action asserting numerous claims against thirty-nine (39) individuals. At this juncture, the only claim remaining in this matter is a retaliation claim asserted against Defendant Rutgers who now moves for summary judgment. While Defendant's motion is titled a motion for "summary judgment," Defendant is, in fact, seeking relief on the ground that Plaintiff's allegations fail to state a claim on which relief may be granted. Nevertheless, because Defendant has submitted a single item of "evidence,"[1] albeit a matter regarding which the Court can likely take judicial

---

[1] Specifically, Defendant has submitted Plaintiff's MDOC Biographical Information as maintained on the Offender Tracking Information System (OTIS) website. This information is discussed below.

notice, the Court will treat Defendant's motion as a motion for summary judgment and will consider the motions and submissions by Plaintiff in response thereto.

## **LEGAL STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir.

2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record

contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

With respect to the claim in question, Plaintiff alleges the following. On the morning of October 26, 2012, Defendants Richardson and Fair escorted Plaintiff to the shower area. Before they arrived at the showers, Defendant Rutgers stepped in front of Plaintiff and stated, "[W]hat[']s up my little shit throwing bitch?" Plaintiff did not respond. Rutgers then followed Plaintiff into the shower area and told him, "You know you[']re] going to die in here?"[2] Plaintiff alleges that Defendant Rutgers' conduct constitutes unlawful retaliation in violation of his First Amendment rights.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

---

[2] The Court notes that Plaintiff is serving a sentence of life imprisonment without possibility of parole. *See* Travis Tillman, MDOC Offender Tracking Information System (OTIS) Biographical Information, available at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=324495 (last visited on July 16, 2015). Thus, the statement that Plaintiff will die in prison appears to be a true statement.

Defendant argues that Plaintiff cannot establish that he suffered a sufficiently adverse action to maintain a claim of unlawful retaliation. As the Sixth Circuit has held, "[a]n inmate has no right to be free from verbal abuse. . .and minor threats do not rise to the level of a constitutional violation." *Smith v. Craven*, 61 Fed. Appx. 159, 162 (6th Cir., Mar. 19, 2003); *see also, Thaddeus-X*, 175 F.3d at 398 ("certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations"); *Annabel v. Michigan Department of Corrections*, 2014 WL 4187675 at *14 (W.D. Mich., Aug. 21, 2014) (same). Plaintiff's allegations establish only that Defendant Rutgers subjected Plaintiff to a brief instance of verbal harassment insufficient to maintain a claim of unlawful retaliation. Plaintiff has submitted an affidavit in response to the present motion. However, the content of this affidavit almost exclusively concerns the many claims which were previously dismissed. (Dkt. #100 at Page ID# 894-901). The only portion of this affidavit that concerns Plaintiff's retaliation claim against Defendant Rutgers merely reiterates the allegations in Plaintiff's complaint. (Dkt. #100 at Page ID# 901).

Plaintiff's claim also fails because he cannot establish the requisite causal connection. With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v.*

*Close*, 379 F.3d 413, 417-18 (6th Cir. 2004). Plaintiff alleges that Defendant Rutgers verbally harassed him "for past run-ins." (Dkt. #1 at Page ID#9). In his affidavit, Plaintiff merely reiterates that Defendant Rutgers retaliated against him "for a past run in." (Dkt. #100 at Page ID# 901). By failing to even suggest when this "past run-in" occurred, Plaintiff has failed to allege a chronology of events from which retaliation can plausibly be inferred. Accordingly, the undersigned recommends that Defendant's motion for relief be granted.

In response to the present motion, Plaintiff also moves for a continuance so that he can obtain certain discovery. (Dkt. #99). Plaintiff cites to Federal Rule of Civil Procedure 56(f) in his motion, but he is clearly relying on Rule 56(d) which provides that if a nonmovant shows by affidavit or declaration that he cannot present facts essential to oppose the motion for summary judgment, the Court may defer resolution of the motion and/or permit the nonmovant to obtain discovery. Fed. R. Civ. P. 56(d). The undersigned recommends that Plaintiff's motion be denied on the ground that Plaintiff has failed to identify or describe any discovery that could possibly result in denial of Defendant's motion.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (dkt. #86), be **granted**; <u>Plaintiff's Motion for Rule 56(f) Continuance</u>, (dkt. #99), be **denied**; and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date:  August 6, 2015      /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge